IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02273-TPO

PEDRO GRANCISCO HERNANDEZ,

      Petitioner,

v.

WARDEN,
GEO Aurora ICE Processing Center,

      Respondent.

---

## ORDER TO SHOW CAUSE

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF 4. Petitioner is "in custody" for § 2241 purposes because he is detained at the Immigration and Customs Enforcement (ICE) Denver Contract Detention Facility in Aurora, Colorado. *Id*. at 1. After initial review, this matter was directly reassigned to me pursuant to D.C.COLO.LCivR 8.1(c). ECF 6.

Petitioner is a native and citizen of Guatemala and entered the United States around 2004. ECF 4 at 2. On or around December 10, 2025, Petitioner was detained by ICE and has remained in DHS custody since then. *Id*. On April 7, 2026, an Immigration Judge (IJ) ordered Petitioner removed to Guatemala, a decision which Petitioner asserts he timely appealed. *Id.* Petitioner asserts he has a wife and children in the country and has made efforts to pursue lawful immigration relief and comply with his immigration proceedings. *Id.*

Because Petitioner has been detained for nearly seven months now, Petitioner files for habeas relief on the grounds that (1) his detention has become unreasonably prolonged in violation

of the Due Process Clause of the Fifth Amendment, *see Zadvydas v. Davis*, 533 U.S. 678, (2001); and (2) his "[c]ontinued detention is excessive and not reasonably related to any legitimate governmental purpose." ECF 4 at 2.

Petitioner requests this Court issue a writ of habeas corpus ordering his immediate release, or, in the alternative, that Respondents provide him with a bond hearing pursuant to § 1226(a) at which the government shall bear the burden of proof, by clear and convincing evidence, that detention is justified. *Id.* at 4.

After preliminary consideration of the Petition,

Respondents are ORDERED to show cause **within seven (7) days from the date of this Order, by July 13, 2026,** why the Amended Petition [ECF 4] should not be granted. By the same date, Respondents shall complete and file the Magistrate Judge Consent Form. ECF 6.

**Within fourteen (14) days of Respondents' answer to this Order to Show Cause**, Petitioner may file a reply.

The Tenth Circuit, joining the Second, Sixth, and Eleventh Circuits, has now rejected the government's interpretation of the Immigration and Nationality Act's detention provisions and has held that § 1225(b)(2)(A) "does not apply to unadmitted noncitizens who . . . are found in the country's interior." *Quiroz v. Mullin*, -- F.4th --, 2026 WL 1876709 (10th Cir. June 30, 2026). In the Parties' briefing, the Parties should address the basis for Petitioner's detention before he was ordered removed, whether Petitioner is subject to an administratively final order of removal, and if so, what efforts, if any, the government has made to remove him thus far. If Petitioner is not subject to a final order of removal, Respondents should then address what statutory provision applies to Petitioner's detention consistent with *Quiroz*. Once the Court has reviewed the

forthcoming response, the Court may resolve the Petition without further briefing.

DATED at Denver, Colorado, this 6th day of July, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge